**SOUTHERN SURETY CO. v. ARONSON.**

(No. 9112.)

Court of Civil Appeals of Texas. Galveston.

March 29, 1928.

**1. Insurance ⊚⟹539(5)—Insured filing proof of loss in 130 days, under accident policy providing proof should be filed within 91 days, could not recover (Rev. St. 1925, art. 5546).**

In suit on accident insurance policy under terms of which insured was to give proof of loss within 91 days after date of loss by virtue of Rev. St. 1925, art. 5546, making minimum period within which to file proof of loss 91 days, where insured claimed benefit for loss of time from September 14, 1924, to December 14, but did not file proof of loss until April 27, 1925, held that insured was not entitled to recover.

**2. Insurance ⊚⟹539(1)—Accident policy requiring proof of continued disability within reasonable time, as condition precedent to recovery, is not void (Rev. St. 1925, art. 5546).**

Provision in accident policy requiring proof of continued disability within a reasonable time, as condition precedent to recovery, is not void under Rev. St. 1925, art. 5546, providing minimum time within which policy may require proof of loss to be filed is 91 days, as being unreasonable or against public policy.

**3. Insurance ⊚⟹539(1)—Accident policy requiring insured, claiming compensation for disability, to furnish insurer reasonable proof of continuance of disability, is not unreasonable.**

There is nothing unreasonable in provision of accident policy requiring insured, who claims compensation for disability caused by injury which lasts longer than certain period, to keep insurer informed of his condition by furnishing reasonable proof of continuance of such disability.

**4. Insurance ⊚⟹558(4)—Insurer held not estopped from asserting that proof of loss was not furnished in time by refusal to accept delayed proof after failing to provide forms.**

In suit on accident policy which clearly set forth that proof of loss must be furnished to insurer at home office and that agent had no authority to waive any provisions thereof, where local agent stated that insured had complied with terms of policy, and proof of loss, when finally furnished by insured after expiration of time allowed by terms of policy, was refused and returned without stating reason, notwithstanding that, after notice of injuries, insurer did not furnish forms for proof of loss, held that insurer had not waived nor was not estopped to assert provision in policy requiring proof of loss.

Error from District Court, Galveston County; J. C. Canty, Judge.

Suit by Jack Aronson against the Southern Surety Company. To reverse judgment for the plaintiff, the defendant brings error. Reformed and affirmed.

King, Battaile & Sonfield, of Houston, for plaintiff in error.

Levy, Levy, Barker & Kahn, of Galveston, for defendant in error.

LANE, J. This suit was brought by Jack Aronson against the Southern Surety Company to recover upon a policy of accident insurance issued by the Southern Surety Company.

The plaintiff alleged the issuance of the policy; the payment of all premiums due thereunder; the injuries suffered by himself; the giving of notice of injury as required by the terms of the policy, and the compliance with all terms of the same, including a faithful co-operation with the defendant, its agents, servants, and employees in furnishing all data, proofs, and reports required by the terms of the policy or requested by the defendant; that the defendant refused to pay him the benefits due under the policy, aggregating approximately $710, less $200 paid by defendant. He also asked to recover $125 as attorney's fees and penalties and costs as provided by law for failure to make payment under the contract.

Defendant answered by general demurrer, general denial, and by specially pleading that the insured had not made affirmative proof of claim of loss of time within 90 days after the termination of the period for which the company was liable, as required by the terms of the policy.

By supplemental petition, the plaintiff alleged, substantially, that, after he had furnished certain data upon which the defendant had paid him $200, he asked defendant's agent numerous times if there was any further data or reports required, and requested of said agent that he furnish him (plaintiff) any forms required to be filled out so that he might fully comply with all the terms of the policy contract; that the defendant's agent told plaintiff that he knew of no further forms to be furnished, and had no further forms for him to fill out, but stated to the plaintiff that he would write the defendant, requesting it to furnish him any other forms that it desired claimant to fill out and furnish the defendant; that plaintiff did fill out the only form that was ever furnished to him by the defendant for making the proof of loss; after filling out and furnishing the same to the defendant, the plaintiff made frequent requests and demands of defendant's agent for his money, but was assured by the defendant's agent that he would receive his money in due course of time; that defendant failed to make any objection to proof of loss furnished by the plaintiff until about three months later, when same was returned to him as unacceptable; that, by defendant's aforesaid acts and conduct, and the plaintiff's reliance thereupon to his injury, it is estopped to deny that plaintiff has com-

plied with the terms of the said insurance contract in furnishing the proof of loss; that at the time the proof of loss was returned, as aforesaid, defendant denied its liability to the plaintiff in every respect for any additional claim, because of his failure to furnish the proof of loss within 90 days after the termination of the period for which the company was liable; that, by defendant's aforesaid acts and conduct in denying its liability to plaintiff in every respect for any additional claim, and by refusing to accept the proof of loss furnished by the plaintiff and returning the same to him without specifying wherein it was defective, it has waived that provision of the insurance contract requiring this plaintiff to furnish to the defendant at its office any proof of loss.

Plaintiff also alleged that the provision of the policy, making the same void unless proof of loss of time was made *within 90 days*, was in violation of article 5546 of the Revised Civil Statutes of Texas, and therefore void.

Defendant by supplemental answer denied that it had waived any of the terms of the policy, and denied that said article 5546 was applicable to any issue in the case, but, if applicable, it is unconstitutional, invalid and void as being an unwarranted interference with the right of private contract.

The case was tried before the court without a jury and a judgment was rendered for the plaintiff for the following sums:

(1) $710 for loss of time for 26 weeks, less $200 paid by defendant, balance $510; (2) $61.20, same being 12 per cent. on the $510, as penalty provided by article 4736, Revised Civil Statutes of Texas; (3) $38.25 interest from August 10, 1926, to date of judgment; and (4) $125 attorney's fees—aggregating $734.45.

The Southern Surety Company has appealed. It is conceded by appellant that there is no question presented by this appeal as to the accident or the injuries alleged by the appellee, and it is conceded that, in so for as the appeal is concerned, had appellee made affirmative proof of disability within the time specified in the policy, he would have been entitled to $25 per week for 26 weeks. Appellant, however, contends that the making of the affirmative proof of loss of time, as required by the policy, within 90 days after such loss, is a condition precedent to the right of appellee to the payment of any compensation for loss of time, that the limitation provision of the policy limits the time in which appellee was to make affirmative proof above mentioned, and that, since he failed within such time to make such proof, he is not entitled to the recovery sought.

Appellant also contends that, by reason of the terms of the policy, such proof was to be made at its home office, and that the proof made to its local agents in Galveston and Houston did not comply with the requirements of the policy. and the establishment of such proof will not support a recovery under the policy. It contends that appellee made no proof within 90 days for claim for loss of time as required by the terms of the policy, and therefore he is not entitled to recovery for loss of time.

The foregoing contentions are made as reasons for a reversal of the judgment. The contentions cannot be wholly sustained. Under the provisions of the policy, appellee had two options in so far as the collection of the benefits provided in the policy are concerned. Under such provisions he could make periodical proofs and collect the benefits accrued as such proofs were made, or he could make final proof after the termination of 26 weeks from the time of the injury, provided such proof was made within the limitation period.

By section 5 of the policy it is provided:

"If 'such injury' sustained by the insured shall, within thirty days from the date of the commencement of disability, necessitate his removal and confinement to a hospital, the company will pay for the period of such confinement, not exceeding four consecutive weeks, fifteen dollars ($15.00) per week in addition to any other indemnity provided by this policy.

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury. In the event of accidental death, immediate notice thereof must be given to the company.

"Such notice given by or in behalf of the insured, or beneficiary, as the case may be, to the company at its home office, Des Moines, Iowa, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that such notice was given as soon as was reasonably possible.

"The company, upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirement of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made. * * *

"Upon request of the insured and subject to due proof of loss, all accrued indemnity for loss of time on account of disability will be paid at the expiration of each thirty days during the continuance of the period for which the company is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

The evidence relative to the proof made is very voluminous, and to set it out would require the extension of this opinion to an inexcusable length. We shall therefore undertake to recite only such parts thereof as we

think are material to the issues presented on this appeal.

It is shown by the evidence that the policy sued upon was issued by appellant to appellee as alleged by the plaintiff, and that it was in force and effect on the 15th day of June, 1924; that on said day appellee suffered accidental injuries from which he was totally disabled from pursuing his work for more than 26 weeks; that appellee gave notice of such injuries to the duly authorized agents of the insurer within 20 days from the time he suffered the same, as required by the terms of the policy; that, after the receipt of such notice, appellee was furnished with certain blank forms of proof of loss of time, to be filled out and forwarded to the home office of the insurer at Des Moines, Iowa; that appellee's injuries from the time the same were suffered necessitated his confinement in a hospital for more than four weeks; that Seinsheimer & Co. were agents of appellant at Galveston, Tex., and R. T. Currie and W. W. Schoelman were agents and claim adjusters for appellant at Galveston and Houston, respectively; that on September 22, 1924, Seinsheimer & Co., by Currie, manager of the claim department, wrote the Southern Surety Company, appellant, a letter, stating that proof of loss had been executed, and saying:

"The reason for the delay is due to the fact that the doctor has been out of town for the past week or ten days and on his return *this morning* he again examined the claimant and filled in the form (sent for that purpose by the appellant) and same is returned herewith, and we will thank you to give us all the assistance possible towards the prompt payment of the claim up to date."

On September 24, 1924, W. W. Schoelman, the claim adjuster for appellant at Houston, wrote Currie, who wrote the letter of September 22, in which he inclosed proof of loss to September 22, 1924, saying that he had immediately forwarded Currie's letter of date September 22, 1924, together with proof attached thereto, to the home office of appellant, and that he had requested that a check be immediately sent to appellee's claim.

On October 2, 1924, the claim department of agents Seinsheimer & Co. wrote Schoelman, claim adjuster at Houston, as follows:

"Have you any further information to give us in connection with this case. Claimant called on us to-day, and we would like to advise him the present status."

And again on October 6, 1924, as follows:

"Will you kindly refer to our letter of October 2d, and advise us the present status of this case. The claimant is calling on us every day, and we will thank you to let us have your advices."

In reply to the two letters last mentioned, Schoelman wrote on October 6, 1924, as follows:

"In reply to your letter of October 2d, I immediately transmitted proof of accident form to the home office on September 24th, and have written them to rush this man's payments, as he was in great need of his money. I am unable to account for the delay, and would suggest that Mr. Aronson wire them direct, addressing the telegram to Mr. G. Donovan, claim examiner, Southern Surety Company, Des Moines, Iowa."

On or about October 14, 1924, after it had received the proof of loss mailed on September 22, 1924, appellant surety company sent appellee Aronson a check for $200.

The facts stated show that appellee Aronson furnished proof of loss of time to appellant at its home office in Des Moines, Iowa, beginning on the 15th day of June, 1924, the date on which he received his injury, and ending not earlier than September 15, 1924, a period of twelve weeks. From the showing thus made, appellee was entitled thereupon to $15 per week for 4 weeks hospital fees, a total of $60, and $25 per week for 12 weeks for loss of time from June 15, 1924, to September 15, 1924, a total of $300, a grand total of $360, less the $200 paid, together with a recovery of 12 per cent. thereon as penalty provided by law for failure to make payment under the insurance contract, and $125 as attorney's fees, as prayed for, and for interest at the rate of 6 per cent. on the total sum awarded from date of judgment until paid.

[1] We are now brought to a consideration of the controversy between the parties as to whether appellee was entitled, under the facts shown, to a recovery for loss of time from September 14, 1924, to December 14 of that year. By subdivision 7 of section 10 of the policy, it is provided:

"Affirmative proof of loss must be forwarded to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

And subdivision 15 of said section provides:

"If any time limitation of this policy with respect to giving notice of claim or furnishing proof of loss is less than that permitted by the law of the state in which the insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

There was no evidence showing that appellee, Aronson, furnished to appellant written proof of loss of time for the period from September 22, 1924, to December 14 of that year, until April 27, 1925, 130 or more days after the expiration of the period for which appellant was liable; therefore, if the limitation period fixed by the insurance contract is not void as in violation of article 5546, Revised Civil Statutes of Texas, but is

a reasonable requirement, appellee would not be entitled to a recovery for loss of time for which no proof had been made within the period so fixed by the contract, which is not 90 days, as contended by appellant, but is the minimum period permitted by the law of this state, to wit, 91 days.

[2] If the injuries of the insured disabled him from the performance of his labors from September 14 to December 14, 1924, he was required by the terms of the insurance contract to make written proof of such disability to the insurer at its home office at Des Moines, Iowa, within 91 days. It seems to be settled that a provision in an accident policy requiring proof of continued disability within a reasonable time, as a condition precedent to recovery, is not void under our laws as being either unreasonable or against public policy. American Nat. Ins. Co. v. Burns (Tex. Civ. App.) 273 S. W. 339; American Surety Co. v. Blaine (Tex. Civ. App.) 272 S. W. 828; Delaware Underwriters & Westchester Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779; Texas Glass & Paint Co. v. F. & D. Co. (Tex. Com. App.) 244 S. W. 113; Travelers' Ins. Co. v. Scott (Tex. Civ. App.) 218 S. W. 53; Southern Casualty Co. v. Landry (Tex. Civ. App.) 266 S. W. 804.

[3] There is, we think, nothing unreasonable in the provision of the policy requiring an insured, who claims compensation for disability caused by injury which lasts longer than a certain period, to keep the insurer informed of his condition by furnishing reasonable proof of the continuance of such disability.

In American Insurance Co. v. Burns, supra, it is said:

"Such requirement is manifestly made for the protection of the company against fraud and imposition, and when we consider how numerous and widely distributed the beneficiaries in such policies may be, efficient protection of the company could not be otherwise secured except at such additional costs to the insurance companies as would necessarily increase the costs of such insurance. Such a provision in a policy of this kind cannot be held to be against public policy. Being neither unreasonable nor against public policy, the provision must be upheld, unless prohibited by our statute. Article 5714, Vernon's Sayles' Statutes."

A very full and comprehensive discussion of the matter under discussion here was made in the opinion, but its length prohibits our reproducing the same in this opinion.

[4] We cannot agree with the contention of appellee that the statements of appellant's local agents, that it was unnecessary for him to make any further proof of his lost time or the fact that his proof furnished in April, 1925, was refused and returned to him without stating why it was refused, or the fact that appellant did not, upon receipt of notice of appellee's injuries, furnish to appellee such forms as were usually furnished by it for filing proofs of loss, as was provided for in subdivision 6 of section 10 of the policy, constitutes either a waiver of any contractual right appellant had under and by virtue of the terms of the policy, or that it was estopped to claim a strict compliance with subdivision 7 of said section 10 of the policy relative to proof of loss by reason of the matters mentioned. It is clearly set forth in the policy, as has been already shown, that the proof of loss required must be furnished, not to local agents, but to the insurer at its home office in Des Moines, Iowa; that no agent had authority to waive any of the provisions thereof. It also clearly appears from the provisions of the policy that appellee was to furnish the proof mentioned within the limitation period fixed by the policy contract; therefore appellant did not waive any right it had under the policy by its failure to explain why it refused to accept the proof made in April, 1925. It is clearly made to appear by subdivision 6 of section 10 of the policy that, in the event appellant failed to furnish to appellee the forms usually furnished for filing proofs of loss, insured was not to be relieved from the duty of making proof of loss. It is specially provided in such subdivision that, in the event of the failure of the insurer to furnish such forms, the insured should nevertheless make written proof of such loss. We are of opinion that none of the matters referred to worked either a waiver or an estoppel on the part of appellant.

Having reached the conclusions above expressed, we have also reached the conclusion that the judgment of the trial court should be so reformed as to adjudge to appellee $60 for hospital fees, and $300 for loss of time from June 15, 1924, to September 14 of that year, a total sum of $360, less $200 paid by appellant to appellee, a net sum of $160, and also $19.20, same being 12 per cent. on said sum of $160, as penalty provided by law for failure of appellant to pay the sum due upon proper demand therefor, also $125 as attorney's fees, making an aggregate sum of $304.20, and also 6 per cent. per annum interest on said sum of $304.20 from date of judgment until the same is paid; and, having reached such conclusions, the judgment is reformed, as above indicated, and, as reformed, the same is affirmed.

Reformed and affirmed.