## FIRST NAT. BANK OF FINDLEY, OHIO, et al. v. BLACKWELL.

### No. 419.

District Court, S. D. Texas, at Houston. Aug. 3, 1931.

Atkinson & Gaugler, of Houston, Tex., for plaintiffs.

Andrews, Streetman, Logue & Mobley, of Houston, Tex., for defendant.

HUTCHESON, Circuit Judge.

Plaintiffs filed this suit in the district court of Harris county, Tex., as a creditor's bill to subject to judgments obtained by them in the state of Iowa in 1914, 1915, and 1916, against J. S. Blackwell, property described in their petition as situated in Harris county, Tex., which property they allege was the community property, during the lifetime of Blackwell, of himself and his wife, the defendant, Edna D. Blackwell, a citizen of Iowa.

They allege that Blackwell died insolvent about the month of February, 1930; that his wife, Edna D. Blackwell, a resident of the state of Iowa, is holding in her name the said property, which property, during the lifetime of Blackwell, was concealed from his creditors.

Plaintiffs assert an equitable lien upon the property as against the estate of J. S. Blackwell, deceased, and the community estate of the defendant, and pray for nonresident process upon the defendant, and for judgment subjecting the property to their debts.

Defendant having been served not personally, but by substituted process, and the cause having been removed to this court, the defendant, claiming that the petition asserts no claim to real property, but is a mere personal action, moves to dismiss the cause for want of jurisdiction over the person of the defendant. Subject to this motion, defendant moves also to dismiss the bill for want of equity, because, though brought as a creditor's bill, it is wanting in averments to sustain it, and because upon its face the claim shows to be unenforceable because long since barred by the statute of limitation.

Upon the first point I think the defendant's motion not well taken, for whether the facts alleged do in fact give plaintiffs any right to or interest in the property in question, it cannot be denied that the whole suit is to subject property to its demands; no claim of personal liability being at all asserted against the defendant.

Upon the second point, the matter I think stands differently, for, while it is true that the judgment sued on would not be barred in Iowa, and therefore would not be barred in Texas under article 5530, Rev. Stat. of Texas, if the defendant had not prior to his death resided in Texas, there is no allegation in the petition that he was a nonresident, but, on the contrary, as the pleadings now stand, it is, though meagerly, by the allegation that the property in question was community property of Blackwell and his wife, sufficiently alleged that he was at least at the time the property was acquired a resident of Texas, bringing the case within that part of the Texas statute limiting the right of action on judgments to ten years, and the judgments, being all considerably more than ten years old, could therefore not be sued upon.

In addition, apart from limitation, I am of the opinion that the cause as now pleaded does not present a case of equitable cognizance. A creditor's bill may be ordinarily maintained to subject assets of a debtor in which, though it is the kind of property ordinarily takeable on execution, the debtor's interest cannot by ordinary legal process be reached. 8 R. C. L. 5.

Because of its character as not in substitution but in extension of legal remedies, it is the well-established general rule that a creditor "cannot come into equity to obtain satisfaction of his claim to property not reachable by legal process until he has exhausted his remedies at law, and shown them to be unavailable." R. C. L. 19.

A corollary of this rule is that the creditor must show a valid and subsisting judgment, not of another state, but one of a state or federal court having the status in the jurisdiction where the bill is filed of a domestic judgment, or must plead facts such as absence from the jurisdiction, and inability to get service upon, or the death of, the debtor, with no administration pending or possible upon his estate. Bank v. McArthur (C. C. A.) 256 F. 84.

The plaintiffs' petition, while it does allege the death of Blackwell, does not negative the fact or the possibility of administration, nor allege the fact that, though administration is then pending, relief has been denied or is unattainable. Especially in Texas should plaintiffs so allege, for it is definitely held here (Blinn v. McDonald, 92 Tex. 608, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931), that, though the statute casts the inheritance upon the heir charged with a lien for the debts of his ancestor, the creditors "cannot as a general rule, subject the property to their claims

during such period, in any other way than through such administration."

The motion to dismiss for want of jurisdiction is denied; that to dismiss the bill for want of equity is sustained; but plaintiffs may have leave to within fifteen days amend, failing in which, judgment final of dismissal will be entered.