## McCLAIN v. NATIONAL LIFE & ACCIDENT INS. CO.

### No. 10271.

Court of Civil Appeals of Texas. Galveston.

July 21, 1936.

Rehearing Denied Oct. 1, 1936.

Henderson & Copeland, of Houston, for appellant.

Battaile & Burr, of Houston, for appellee.

LANE, Justice.

On the 21st day of May, 1929, National Life & Accident Insurance Company issued to Thomas Jefferson McClain a certain policy of life and accident insurance. The policy recites that the insurance company insures "Thomas Jefferson McClain as herein limited and provided, against loss of life, limb, limbs, or sight which result solely and without other contributing causes from accidental injury. 'Accidental injury' as used in this policy means bodily injury suffered while this policy is in force and which is effected solely and independently of all other causes through accidental means. The initial death indemnity provided by this policy is Two Thousand Dollars."

The policy further provides that for each period of one year the same had been in force the initial death indemnity will be increased 10 per cent. until such increase shall amount to 50 per cent. of the death indemnity, and thereafter increased by the total amount of all premiums paid. It provides that if within 90 days from its date the loss of one eye results to the insured solely and without other contributing causes from accidental injury the company will pay the insured one-third of the death indemnity.

The policy further provides that "any failure to comply with the provisions of this policy shall render invalid any claim hereunder." The policy requires written notice to be given to the company within 20 days after any injury occurs to the insured for which a claim against the company is made, and then provides as follows:

"The Company, upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this Policy as to proofs of loss upon submitting, within the time fixed in the Policy for filing proofs of loss, written proof covering the occurrence, character, and extent of the loss for which claim is made.

"Affirmative proof of loss must be furnished to the Company at its said office within ninety days after the date of such loss."

The policy further provides as follows: "If any time limitation of this Policy with

respect to giving notice of claim or furnishing proof of loss or bringing any action at law or in equity is less than that permitted by the law of the State in which the insured resides at the time this Policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

The insured, Thomas Jefferson McClain, claims that he suffered an injury on the 13th day of August, 1932, which resulted in the total loss of one of his eyes.

On the 7th day of September, 1932, the insured for the first time gave notice of his injury by the following letter:

"Houston, Texas, September 7, 1932.
"National Life & Accident Ins. Co.,
"Nashville, Tennessee.
"Gentlemen:
"I am insured under your Shield Accident Policy No. 366041, dated May 21, 1929. During the Houston tornado, which occurred on August 13th, I sustained injuries which apparently have resulted in the loss of the sight of my right eye. I did not realize the nature of the injuries until just recently, and I hoped that the eye would improve. However, it has gotten worse, and I desire to give you notice of this injury and request that you let me have blanks for proof of loss.
"Yours very truly,
"T. J. McClain."

Proof of loss was made for the first time to the insurer on the 1st day of March, 1933, more than six months after the alleged injury occurred. Upon receipt of such proof of loss forwarded to the insurer by Henderson & Copeland, of Houston, attorneys for the insured, the insurer wrote said attorneys the following letter of date March 6, 1933:

"We are in receipt of your letter of March 1st, with proof of claim for blindness on forms 7C and 3305, also a copy of a letter from Dr. J. E. Foster to you dated February 23, 1933.

"It is claimed, according to this claim proof, that the insured was injured on August 13, 1932, and that the injury resulted in immediate loss of vision of the right eye. If you will refer to Standard provision 7 in the insured's policy you will see that affirmative proof of loss must be furnished to the Company at its Home Office within 90 days after the date of loss. This proof was not furnished to the Company until more than six months aft-

er date of alleged loss, hence we must advise that for this reason and for other reasons the claim is rejected."

After the receipt of the letter above copied, Thomas Jefferson McClain filed this suit in the latter part of 1932 against the insurance company to recover for the loss of his right eye, alleging that such loss occurred on the 13th day of August, 1932, and that he was entitled to a recovery under the terms of the above-mentioned policy of $650 indemnity, 12 per cent. statutory penalty, and $350 as an attorney's fee.

The defendant answered by general demurrer, general denial, and specially alleged that plaintiff did not comply with the provision of the policy requiring proof of loss within 90 days, which was a condition precedent to any liability, and that plaintiff failed to give any affirmative proof of loss as required by the terms of the policy.

By supplemental petition, the plaintiff alleged that he gave defendant the written notice of the injury on September 7, 1932; that defendant furnished him with blank forms for filing of proof of loss, and that by so doing waived the filing of any proof of loss whatever by the plaintiff.

Defendant by supplemental answer demurred generally to the allegations of plaintiff's supplemental petition, denied generally, and repeated the allegations of its original answer.

A jury was chosen to try the cause, but after the conclusion of the plaintiff's evidence, the court upon motion of the defendant withdrew the cause from the jury and rendered judgment for the defendant.

The plaintiff has appealed and in his preliminary statement in his brief says: "The trial court, in withdrawing the case from the jury, was of the opinion and held, as a matter of law, that the plaintiff could not recover under the state of facts in this case because the evidence showed that plaintiff had failed to give notice of the injury within twenty days after the date of the accident, and had failed to file proofs of loss with defendant within ninety to ninety-one days after the date of such loss, therefore, leaving no question of fact for the jury's determination in this case."

There is nothing in the record showing the specific ground or grounds upon which

the court acted in rendering the judgment. So far as the record shows, the action of the court might have been based on the fact that the plaintiff, the insured, failed to do either, to give notice of the injury alleged within 20 days, as provided by the policy, or to make proof of loss within 91 days, as provided in the policy, or for both facts. Appellant, however, contends that the law applicable to the giving of notice of injury and the making of proof of loss requires only the giving of such notice and making of such proof within a reasonable time, regardless of the specific requirements of the policy, the contract entered into between the parties; and so contending, he further contends that having made proof of loss shortly after the lapse of six months from the date of the loss he had complied with the law applicable in the present case, and was therefore entitled to a recovery as he prayed for, and the court erred in withdrawing the case from the jury and in rendering judgment for defendant.

■ We overrule appellant's contention. It is well settled that an insurance company, in the absence of some controlling statute, may require, by stipulations in its policies, that proof of loss be furnished within a reasonable time.

■ The policy in the present case obviously requires something more than mere notice of an injury. As already shown, it requires proof of loss. It is not contended here by appellee that notice of injury as required by the contract was not reasonably complied with. That it was so complied with is conceded; but appellee does contend that such notice was not followed up by the stipulated requisite proof of insurable loss under the contract.

In Federal Surety Co. v. Smith, 41 S. W.(2d) 210, 212, by the Commission of Appeals, it is held: "It is firmly settled in the decisions of this state that if the contract of insurance is expressed in plain and unambiguous language, the courts will not undertake to construe the language otherwise than the parties themselves intended that it should be."

In the case above cited it is held that:

(1) "Insurer can stipulate that proofs of loss be furnished within reasonable time and upon reasonable terms and provide conditions to enforce compliance."

(2) "Insured seeking to avoid policy provisions requiring proofs of loss was required to show waiver or substantial compliance."

(3) "Furnishing proofs of loss, as required by accident policy, was condition precedent to recovery, unless waived."

(4) "Insured seeking to avoid policy provisions requiring proofs of loss by showing waiver has burden of proving all essential elements of waiver."

In 24 Texas Jurisprudence, p. 1090, § 279, it is said: "In the absence of a waiver by the insurer, where a policy requires the insured to furnish notice and proofs of loss within a specified or reasonable time, compliance with the requirement is a condition precedent to recover, provided it does not conflict with the statutory requirements as to time. It seems to be settled, however, that a provision in an accident policy requiring proof of continued disability within a reasonable time, as a condition precedent to recovery, is not void under our laws as being either unreasonable or against public policy. A petition which fails to aver compliance with a provision requiring proof of loss is subject to general demurrer."

In support of the rule announced the cases of Federal Surety Co. v. Smith, supra, Southern Surety Co. v. Aronson (Tex.Civ. App.) 5 S.W.(2d) 629, and many others are cited.

■ It being shown by the undisputed evidence that the plaintiff, the insured, received an injury to his right eye on August 13, 1932, which immediately produced a total loss of the sight of such eye; that upon his application therefor he received blanks from the insurer on September 9, 1932, upon which to make proof of loss required by the policy; that the insured, on October 11, 1932, was attended by an eye specialist, who immediately diagnosed the condition as a complete loss of the sight of the eye; that the insured failed to make any proof of loss to the insurer until March, 1933, the filing of such proof with the insurer was not, as a matter of law, a filing of proof of loss within a reasonable time. In such circumstances the trial court did not err in withdrawing the case from the jury and rendering judgment for the defendant.

■ Questions become questions of law only when the facts and circumstances are such, as in the present case, that but one reasonable conclusion can be drawn therefrom.

■ Appellant for a reversal of the judgment contends that the insurer totally denied liability on the policy, through its authorized agents, within the allowed time for the filing of proof of loss, and that by so doing it waived the requirement for the filing of proof of loss.

Such contention is untenable. It is not supported by any evidence, but, to the contrary, it is shown that the denial of liability was solely upon the ground that proof of loss was not filed with the insurer within a reasonable time after the injury occurred.

For the reasons pointed out, the judgment is affirmed.

Affirmed.

PLEASANTS, C. J., not sitting.