## CHRISTIAN v. SAM R. HILL LUMBER CO.

### No. 3250.

Court of Civil Appeals of Texas. Beaumont.

Feb. 3, 1938.

Clower & Sewell, of Tyler, for appellant.

Dorbandt & Dorbandt, of Tyler, for appellee.

O'QUINN, Justice.

Appellee, Sam R. Hill Lumber Company, brought this suit in the special district court of Smith county against Paul Moore and appellant, C. O. Christian. For cause of action it alleged that on June 28, 1935, it obtained judgment in the county court of Smith county, Tex., in the sum of $414.-78, with interest thereon at the rate of 10 per cent. per annum from the date of the judgment and costs of suit in the sum of $6.40, against Paul Moore; that it caused a proper abstract of said judgment to be made and had same recorded and indexed in the judgment records of said Smith county on July 1, 1935, whereby it then and there acquired a statutory judgment lien upon "lots 16, 17 and 18 (formerly 6 & 7) of Block 262-A of the Butler & Fitzgerald Subdivision of the C. G. White homestead place, as per plat recorded in Vol. 99, page 77, deed records, Smith County, Texas, as property of said Paul Moore, less that part of said tract which was conveyed to C. O. Christian by deed dated December, 1931, and recorded in Vol. 869, page 334, deed records of said county and state." It fur-

ther alleged that appellant, C. O. Christian, was setting up some sort of claim to said property, but that, if he had any rights or interest in said property, they were inferior to this judgment lien. The prayer was for the establishment of its alleged lien against the property as that of Paul Moore, for foreclosure of same, and that the claim of appellant, Christian, if any he had, be adjudged inferior and secondary to its judgment lien.

Defendant Paul Moore did not answer.

Appellant, Christian, answered by general demurrer and specially that he was the owner in fee simple of the property involved, by a deed dated February 5, 1935, from Paul Moore and wife, the then owners of the property; and that his title so acquired was superior to the judgment lien asserted by the plaintiff.

The case was tried to the court without a jury, and judgment rendered in favor of appellee establishing its judgment lien and foreclosing same against an undivided one-half interest in the property in controversy. We have the case on appeal.

■ It is contended by appellant that appellee did not show that its judgment was not dormant, and therefore the judgment was erroneous. We fail to find in the record proof that an execution had been issued upon the judgment. The judgment was rendered on June 28, 1935. The abstract of judgment was filed, indexed, and recorded in the Judgment Records on July 1, 1935. Appellee is asserting its judgment lien, and asking for foreclosure of same. In his brief, appellant refers to article 3773, R.S.1925, as requiring execution to issue within twelve months after the date of the judgment, and says that the record fails to show that execution was so issued prior to filing of appellee's petition. Article 3773, R.S.1925, originally did require that execution be issued within twelve months after date of the judgment, or the judgment would become dormant, but in 1933 said article was amended, Vernon's Ann.Civ.St. art. 3773, permitting execution to be issued on the judgment at any time within ten years after the date of the judgment. So, it affirmatively appears that the judgment was not dormant at the time the abstract of judgment was filed, indexed, and recorded, whether any execution had been issued or not, nor was it so when appellee filed its petition herein, ten years not having elapsed from the date of the judgment. The assignment is overruled.

■ Appellant's second assignment reads: "The undivided one-half interest in the lots against which appellee sought to foreclose a judgment lien, being incumbered of record with a Deed of Trust in favor of O. M. Boren, Trustee, the judgment lien only attached to the interest of Moore subject to the Deed of Trust and Moore had the right to deed the property to Christian in satisfaction of the mortgage debt freed of the judgment lien, unless fraud or collusion was shown by appellee."

The record discloses that on July 1, 1935, the date the abstract of judgment was recorded, J. B. Parker owned an undivided one-half interest in the lots involved. Paul Moore, the judgment debtor, owned the other one-half interest. On July 3, 1930, Paul Moore executed to O. M. Boren, as trustee for the benefit of J. B. Parker, a deed of trust covering his, Moore's, one-half interest in the lots to secure an indebtedness owed by him to Parker. This deed of trust was duly recorded. On December 12, 1934, C. O. Christian, appellant, at the request of Paul Moore, paid to J. B. Parker $751.30, in consideration for which J. B. Parker executed to Paul Moore a quitclaim deed conveying to him his, Parker's, one-half interest in the lots in question, and also executed a release of the deed of trust lien given by Moore to Boren, trustee, for the benefit of Parker, covering the property involved. Appellant testified that $400 of the money paid by him to Parker was for Parker's one-half interest in the lots (deeded to Moore), and that the remainder, $351.30, was for the balance on the note owed Parker by Moore. The quitclaim deed from Parker to Moore conveying Parker's undivided one-half interest in the lots in question, and the release by Parker of the deed of trust given by Moore to secure his debt to Parker, placed the title to the lots all in Moore. On December 12, 1934, Paul Moore and wife, Lema Moore, executed and delivered to T. A. Bath, trustee, for the benefit of appellant, C. O. Christian, a deed of trust covering the whole of the lots in question, to secure the payment of a note in the sum of $751.30, dated December 12, 1934, executed by them payable to C. O. Christian, due December 12, 1935. This instrument was not recorded until December 15, 1936. In fact, as before stated, Christian paid the $751.30 to Moore, $400 of this amount being for Parker's one-half undivided interest in the property (Moore was the owner of the

other half) and $351.30 being for the balance Moore owed Parker on a note. Parker, as per the agreement of the parties (Moore and Christian), conveyed his one-half undivided interest in the property to Moore by a quitclaim deed, and also released the deed of trust lien on the property. Moore gave Christian a note for this amount ($751.30) of date December 12, 1934, and due and payable to Christian December 12, 1935. To secure the payment of this note, Moore and wife executed the deed of trust covering the property to T. A. Bath, trustee, for the benefit of Christian. The record contains an agreement of the parties: "That an undivided one-half (½) interest in the property in controversy stood in the name of Paul Moore at the time of the filing and recordation of the abstract of judgment, and stood in his name of record up until the date of the filing of the deed from Paul Moore and wife to C. O. Christian, filed for record December 15, A. D. 1936; and that such one-half interest of Paul Moore, so far as the record showed, was subject to the deed of trust in favor of O. M. Boren, Trustee, executed by Paul Moore and wife, as shown by the copy attached hereto and made a part of this record."

They further agreed: "That an undivided one-half interest in the property in controversy stood in the name of J. B. Parker of record at the time of the filing of the abstract of judgment by plaintiff, and stands in the name of J. B. Parker at this time; and that no deed is shown of record out of J. B. Parker previous to the recordation of the abstract of judgment."

But the undisputed evidence shows that, when Christian at the request of Moore paid to Parker the $751.30, Parker then and there executed to Moore a quitclaim deed conveying to Moore his, Parker's, half of the property and also released the deed of trust lien held by Boren, trustee. It further appears that Moore and wife, after executing to Christian their note for the $751.30, concluded they could not pay for the lots, and decided to and did convey the property to Christian in discharge of the debt, but that the deed was not placed of record until December 15, 1936, long after the abstract of judgment was filed and recorded, and there is no evidence that appellee ever had any knowledge of the existence of the deed. Also the deed of trust to appellant was not recorded until December 15, 1936, and so was not effective

as against appellee's judgment lien, it having been recorded July 1, 1935. So the only deed of trust, if any, that appellant could claim under, is that of Paul Moore to O. M. Boren, trustee. But, as shown by the testimony of appellant, this deed of trust was released by Parker on December 12, 1934, when appellant paid the $751.30 to Parker for Moore. Appellant testified: "* * * and that $351.30 was to release the lien of Parker against the other undivided interest standing in the name of Moore."

Under the evidence the court must have found that appellant loaned Moore the $351.30 to pay the balance owed by Moore to Parker on the note given Parker by Moore, and also the $400 with which to purchase Parker's one-half interest in the lots involved. That, instead of taking an assignment from Parker of the indebtedness and lien, he, in accordance with an understanding with Moore, had Moore make him a note for the money loaned, and execute a new deed of trust in his, Christian's, favor to secure the payment of the note, without referring in the deed of trust to the original indebtedness due by Moore to Parker, or to the original lien held by Parker against the property. This finding was in strict accordance with the facts as reflected by the record. Appellant held the deed from Moore to him, and the deed of trust until December 15, 1936, before placing them of record. Evidently the court must have found that it was the intention of the parties, Moore and Christian, when Moore conveyed the property to Christian in February of 1935, in discharge of the debt secured by the deed of trust, to completely merge the mortgage lien and deed into the title evidenced by the deed.

The deed from Moore to Christian conveying the property (February 5, 1935) was some five months before appellee obtained his judgment against Moore (June 28, 1935). He had nearly five months in which to record his deed before appellee's abstract of judgment was recorded. Under the law, article 6627, R.S.1925, he was required to promptly place his deed of trust and his deed of conveyance of record or lose his legal right of preventing the rights of creditors from intervening. Henderson v. Odessa Building & Finance Co., Tex. Com.App., 24 S.W.2d 393. Especially is this true as to the half of the property then (July 1, 1935) standing in the name

of Moore and which continued, so far as the registry record disclosed, to stand in his name until appellant filed his deed from Moore to the property on December 15, 1936, more than a year after the abstract of judgment was recorded and the judgment lien became effective.

The judgment foreclosing appellee's judgment lien on an undivided one-half interest in and to the lots in question which at the time of filing, indexing, and recording the abstract of judgment stood and continued to stand in the name of Moore should in all things be affirmed, and it is so ordered.

Affirmed.