**COX v. NELSON.**
**COX v. NELSON et ux.**
**Nos. 6458, 6461.**

Court of Civil Appeals of Texas. Texarkana.
June 30, 1949.

Rehearing Denied Sept. 29, 1949.

Pollard, Lawrence, Reeves & Jarrel, Tyler, Morris Dorbandt Tyler, for appellant.

Taylor & Taylor, Marshall, for appellees.

## WILLIAMS, Justice.

On January 5, 1937, Thomas F. Cox was awarded a judgment against John M. Nelson for $12,404 in a Smith County district court. A writ of execution was not issued within twelve months from its date. No action of scire facias or for debt upon the judgment was ever instituted. An abstract of above judgment was filed on January 7, 1937, and again filed on August 26, 1947, both in the record of judgment liens in the County Clerk's Office in Harrison County, Texas. A writ of execution was issued for the first time on January 10, 1946. On May 23, 1946, within ten years from date of the judgment, an alias execution' was issued and placed in the hands of the sheriff of Harrison County, Texas, who in due time made his return in which he reported, after inquiry of Nelson and search of the tax rolls, "no property found subject to execution." On May 18, 1948, more than ten years after date of above judgment, Cox filed suit in the nature of a bill of discovery against Nelson and on January 13, 1949, filed another and separate action in which Nelson and wife were named defendants, wherein he sought to foreclose his asserted judgment lien against certain realty, described in the petition.

Upon above agreed facts the trial court gave effect to the provisions of art. 5532, Vernon's Texas R.C.S., and concluded that at the time the present suits were filed the judgment had become barred and so being barred could not constitute the basis for any ancillary remedy or the enforcement of the judgment sought by Cox in the actions here involved. The trial court held the execution issued on May 23, 1946, to be void and without legal effect to revive the judgment for the reason as recited in the judgment that (1) no execution was issued within twelve months from January 5, 1937, the date of the judgment; and (2)· no action for debt or scire facias on the judgment had been brought thereon within ten years from January 5, 1937.

The appeals by Cox from an adverse judgment in each case have been consolidated by this court as both involve the controlling issue whether or not by reason of the issuance of the alias execution on May 23, 1946, it prevented the judgment dated January 5, 1937, from becoming dormant prior to the filing of the present actions on May 18, 1948, and January 13, 1949, respectively.

We are of the opinion that the judgment of January 5, 1937, was not dormant at the time of filing the present suits, being controlled by the provisions of art. 3773, Vernon's Texas Ann.R.C.S., which reads: "If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution." It is to be observed that above statute provides that a judgment in any court of record shall become dormant only in the event no execution is issued within ten years after rendition of the judgment. The present actions are premised upon an execution issued within the ten year period. The second sentence or paragraph delays dormancy for another ten years from May 23, 1946, which extends the date over and beyond the time

the present suits were filed. Christian v. Sam R. Hill Lumber Co., Tex.Civ.App., 113 S.W.2d 616, 617.

Art. 5532, supra, provides: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

The present action is not one of scire facias or for debt upon the judgment and neither litigant so contends. Hence we are here concerned with the clause in art. 5532, reading: "Where execution has not issued within twelve months" and the clause in Art. 3773, which reads: "If no execution is issued within ten years." "Article 3773, R.S.1925, originally did require that execution be issued within twelve months after date of the judgment, or the judgment would become dormant, but in 1933 said article was amended, Vernon's Ann.Civ.St. art. 3773, permitting execution to be issued on the judgment at any time within ten years after the date of the judgment." 113 S.W.2d 617. Art. 5532, supra, enacted in 1841, if in conflict, would not by implication repeal this act of 1933. The reverse is likely the result of the 1933 amendment as indicated in the language in the emergency clause of Senate Bill No. 127, Laws 1933, c. 144, § 2, amending art. 3773, which reads: "The fact that the law now provides a judgment shall become dormant unless execution shall have issued within twelve months from its rendition, causing unnecessary and useless expense, and adding unnecessary costs, creates an emergency * * *."

Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531, 536, and Zummo Packing Co. v. Cotham, 137 Tex. 517, 155 S.W. 2d 600, both by the Commission of Appeals, vigorously urged by appellee in support of the trial court's action, involved action to revive a judgment after the expiration of the ten year period, where an execution had not been issued within ten years from the date of judgment. Above authorities do not control the facts of this record. Execution here did issue within the ten year period. An action to revive the judgment is not here involved.

The judgments in both cases are reversed and the causes remanded.

LINCOLN, Justice (dissenting).

While recognizing the cogency of the reasoning of Mr. Justice Williams in the foregoing majority opinion, I am unable to concur in the conclusion reached. This dissent is grounded on the provisions of art. 3773 as amended, Vernon's Ann.Civ.St. art. 3773, and art. 5532, R.S.1935, as interpreted by the Supreme Court in Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531, and Zummo Packing Co. v. Cotham, 137 Tex. 517, 155 S.W.2d 600. In each of those cases executions had not been issued within 12 months from dates of the judgments. Each of them were suits, or had cross-actions, to revive the judgment. In the opinions by Commissioners, which were adopted by the Supreme Court, it was held that, in exact keeping with the provisions of Article 5532, the actions to revive were barred. In the Ramp Case, the judgment was dated August 30, 1924. The first execution was issued on December 3, 1932. See opinion of Court of Civil Appeals, Commerce Farm Credit Co. v. Ramp, 116 S.W.2d 1144, 1152. This was about 7¼ years after date of the judgment. Notwithstanding the provisions of art. 3773 R.S., as amended, the Court of Civil Appeals held that the judgment was dormant. The Supreme Court approves that holding in these words [135 Tex. 84, 138 S.W.2d 536]: "No execution having been issued within twelve months from the rendition of the judgment * * * the judgment became dormant." (Italics ours.) Thus it is held by the Supreme Court that, since no execution was issued within 12 months from the date of the judgment, and that more than ten years had elapsed without any action of scire facias or for debt, the action to revive was barred by the statute of limitation fixed by art. 5532.

In this case we have a like situation. Execution was not issued within 12 months from date of the judgment, but it was issued within 10 years, that is, about 9⅓ years after its date. Under the holding

of the Supreme Court in the Ramp Case, the judgment was dormant. No action to revive it or for debt was brought within 10 years. The suits were filed more than 10 years after date of the judgment. It is true, they were not suits to revive or for debt, but they were such as must be based on an enforceable judgment to entitle the plaintiffs therein to the relief sought, as will be presently shown.

In Zummo Packing Co. v. Cotham, the judgment was rendered on April 10, 1928. No execution was ever issued thereon. The scire facias proceeding to revive was filed January 3, 1939. The opinion holds that art. 5532 is controlling and that it is not repealed by art. 3773 as amended in 1933.

Prior to these decisions by the Supreme Court, it had also been held by courts of civil appeals that the two statutes, not being in pari materia, are not in such conflict as that effect cannot be given to both of them. Gillam v. Matthews, Tex.Civ. App., 122 S.W.2d 348; Mingus v. Kadane, Tex.Civ.App., 125 S.W.2d 630, applications for writs of error dismissed in both cases.

It would not add anything to the legal lore of this state to enter upon an analysis of the two acts nor to indulge a lengthy discussion in philosophical legalism. We have been charmed with most excellent briefs of the parties, and both of them are worthy of incorporation in this opinion for the able discussions presented. But the Supreme Court has passed on the matters involved in the two statutes, and it is our duty to follow its lead. In my opinion the decision of the majority of this court is in conflict with those decisions.

Appellant cites in support of his position Christian v. Sam R. Hill Lumber Co., Tex.Civ.App., 113 S.W.2d 616. In that case the Beaumont Court of Civil Appeals held that, whether execution was issued or not within ten years from date of the judgment, it was not dormant until ten years had expired. That decision was rendered prior to the decisions of the Supreme Court supra, and prior to other decisions cited herein. In fact, after that decision the Beaumont Court decided the Zummo Case, Tex.Civ.App., 135 S.W.2d 177, and its decision was affirmed by the Supreme Court, 137 Tex. 517, 155 S.W.2d 600. I cannot accept the decision in the Christian Case as authority on the issues raised herein.

It must be admitted that the provisions of art. 3773, as amended, to the effect that, even though no execution is issued, the judgment does not become dormant until the expiration of ten years, has been effectively nullified by the decisions referred to. I see no escape from that conclusion. Only the Supreme Court of the Legislature can remedy that result.

It is pointed out in Justice Williams' opinion that these suits were not actions to revive a judgment nor for debt. One of them was in the nature of a bill of discovery, and the other was to foreclose an alleged lien on land by virtue of an abstract of judgment which had been filed. Art. 5449, R.S., Vernon's Ann.Civ.St. art. 5449, specifically provides that a lien on land arising from filing, recording and indexing an abstract of judgment shall continue for ten years, "except that if during said ten-year period the judgment becomes dormant said lien shall thereupon cease to exist." Since art. 5532 implies that if execution has not issued within twelve months the judgment is dormant, and since that has been expressly so held by the Supreme Court (the Zummo Case, supra), the lien on the land sought to be foreclosed did not exist at the time the suit for foreclosure was filed, nor at the time of judgment by the trial court. Therefore, the judgment of the trial court on this phase of the case was correct and should be affirmed.

A discovery in aid of enforcement of a judgment, formerly known as a "creditor's bill," must show a valid subsisting judgment. 14 Am.Jur. p. 687. A dormant judgment is not a valid subsisting judgment. Patton v. Crisp & White, Tex.Civ. App., 11 S.W.2d 826, writ dismissed. A judgment against which the statute of limitation has run is not a valid, subsisting judgment. 14 Am.Jur. p. 722. In Jenks v.

Horton, 114 Mich. 48, 72 N.W. 20, it is held that a creditor who has no judgment or decree that will support an execution cannot proceed in equity to reach assets beyond the reach of an execution. In First National Bank v. Blackwell, D.C., 51 F.2d 282, in an opinion by Judge Hutcheson, it was held that the judgment must be valid and subsisting to support such bill, and that the judgment in that case having been barred by the statute of limitations, it could not be sued on, and would not support a creditor's bill.

In 18 Tex.Jur. p. 576, it is said, "* * * a dormant judgment does not authorize the issuance of an execution." In the case of First National Bank v. Harper, 161 Kan. 536, 169 P.2d 844, 166 A.L.R. 761, the Supreme Court, under statutes quite similar to our own, held that a judgment which has become dormant through failure to issue an execution thereon within the statutory period will not support an execution or proceeding in aid of an execution, and will become entirely lifeless unless revived within the period provided by the statute. And for much stronger reasons a judgment barred by limitation would not do so. A plea of dormancy or of limitation, therefore, is a sufficient defense to an action for discovery. Such action would be a useless gesture. If assets could be found they could not be subjected to satisfaction of a dormant judgment until after revival; and a barred judgment may not be revived.

For the reasons herein stated, I respectfully dissent from the action of the majority, and feel that the judgment of the trial court should be affirmed.