## FREDERICK JOHNSON v. W. R. D. WARD.

Where it was important to prove the time of the endorsement of a note sued on, and the plaintiff swore on his *voir dire,* that he could not prove the time by any one besides himself, except the defendant, the defendant should have been permitted to cross-examine him as to his means or ability to prove the fact by some one else.

After a party has testified, if he discloses the name of another person, by whom he could prove the facts testified to by himself, his testimony should be excluded.

Appeal from Harrison. Tried below before Hon. C. A. Frazer.

Appellee brought this case by *certiorari* to the District Court. On the trial there, he was offered as a witness, and at the request of appellant's counsel was sworn on his *voir dire.* The note originally sued on, and other papers in the case before the Justice, having been lost, and their contents proved, the appellee stated that he could not prove the time of the endorsement of the note by any one besides himself, except by the defendant Johnson. The appellant's counsel then proceeded to cross-examine him as to his means of proving this fact by some one else, to which appellee objected, and his objection was sustained by the Court, upon the ground that the statement of appellee could not be traversed; to which appellant excepted. The appellee, Ward, was afterwards sworn as a witness, and testified that the note was offered to him by some one not recollected, that he refused to purchase it without the endorsement of Johnson; that the person having the note then left him, and returned with the note endorsed by Johnson; that he then purchased it, and brought suit on it within forty days. On being asked

by appellant's counsel if he did not get the note from Charles
Payne, he said his memory being refreshed, he believed he did.
The appellant's counsel then moved to exclude from the jury
the testimony of the appellee, Ward, on the ground that he
had disclosed the name of a witness by whom he could prove
the fact to which he had testified, which motion was overruled,
to which appellant excepted.    There was a verdict and judg-
ment for appellee.


*W. H. Bristow*, for appellant.

*W. P. Clark*, for appellee.


HEMPHILL, CH. J.    It is not clear that the Justice erred
in dismissing the suit.    There had been no proceedings from
August, 1853, to March, 1855, a sufficient period, perhaps, as
a general rule to work a discontinuance.    But admitting that
such was not the effect in this cause, that regularity in pro-
ceedings before a Magistrate is not to be required, that on
liquidated demands the Justice must give judgment on the
merits, whether the plaintiff attend or not, that the loss of the
note and papers by the Justice and the change of Magistrates
sufficiently account for the delay, yet there is believed to be
an error on the trial before the District Court, which will re-
quire a reversal of the judgment.    To sustain the action
against the appellant Johnson, it must have been brought with-
in sixty days after the endorsement of the note.    (Hart. Dig.
Art. 2529.)    And the plaintiff, Ward, having sworn on his
*voir dire* that he could not prove the time of the endorsement
by any one besides himself, except the said Johnson.    The
defendant's counsel proposed to cross-examine him as to his
means of proving the facts by some one else.    An objection
to this was sustained by the Court on the ground that the
statement of the witness could not be traversed.

Johnson v. Ward.

This is believed to have been erroneous. A party is permitted to give evidence on behalf of himself, for the reason that he knows no one else who can testify to the fact. (Hart. Dig. Art. 715.) His oath of the want of knowledge will *prima facie* be sufficient to admit his testimony, but on examination it may appear that he was mistaken, that he did know some one who could testify to the fact. His memory may be refreshed by inquiry, by suggestions from others, and facts which had escaped may again be brought within his recollections.

This was strikingly illustrated by the fact that the witness, after having given the testimony, on being inquired of by defendant's counsel, if he did not get the note from Charles Payne, said that his memory being refreshed, he believed that he did. This suggestion would, perhaps, have been made on the cross-examination on the *voir dire*, and if so, the witness might have been at once excluded. There was also error in refusing the motion to exclude the testimony of the witness, after he had disclosed the name of another by whom he could prove the facts to which he had testified. For these errors judgment reversed and the cause remanded for a new trial.

Reversed and remanded.