**Jess EVERETT, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

**No. 2–82–205–CV.**

Court of Appeals of Texas, Fort Worth.

June 29, 1983.

Rehearing Denied Aug. 17, 1983.

Michael W. Dunagan, Ramirez & Associates, Dallas, for appellant.

Randy J. Hall, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is a declaratory judgment suit to determine title to a 1977 Chevrolet Corvette automobile. Plaintiff below, United States Fire Insurance Company, sued Bobby Smith, Jerry Haslett, Riverside State Bank, Jess Everett (Individually and d/b/a Jess Everett Used Cars), City of Watauga, Reed Stewart (Tarrant County Tax Assessor), and the State Department of Highways and Public Transportation, seeking declaratory judgment for title to the automobile. The court signed a judgment granting possession to U.S. Fire and ordering defendant, State Department of Highways and Public Transportation, through its designated agent, Reed Stewart as Tarrant County Tax Assessor, to issue title to U.S. Fire. Defendant, Jess Everett, brings this appeal from that judgment.

The facts are without material dispute. The chain of title to the automobile splits because there are two documents showing transfers from Isaac Fonteno. The original title shows a transfer from Isaac Fonteno to Mockingbird AMC/Jeep, Inc. on October 12, 1978. A certified copy title shows a transfer from Isaac Fonteno to G.M. Wholesale on October 24, 1978. Jess Everett claims title to the automobile on a chain of transfers devolving from the transfer of the original title to Mockingbird AMC/Jeep, Inc., while U.S. Fire claims title by virtue of a title chain based on the transfer by certified copy to G.M. Wholesale.

Everett, a dealer in used automobiles, purchased the Corvette from G.M. Wholesale, another such dealer, on December 8, 1978. At that time, he took the original Certificate of Title to the car but left the car itself on the premises of G.M. Wholesale with the understanding that G.M. Wholesale would try to sell it and pay Everett the proceeds from the sale. Everett intended to keep the original Certificate of Title until Randy Lassiter, the owner of G.M. Wholesale, brought him the proceeds from the sale of the car. Lassiter brought Everett a draft for an unspecified amount and told Everett that he had sold the car. Everett did not give Lassiter the original Certificate of Title because the draft was not backed by sufficient funds. Everett waited two weeks in hope that the draft would be

made good pursuant to Lassiter's request. At the end of this period he discovered that Lassiter had disappeared and G.M. Wholesale was no longer in business.

G.M. Wholesale had conveyed the car on January 24, 1979 to C.W. Nelson Used Cars using a certified copy of the Certificate of Title issued by the Texas Department of Highways and Public Transportation. As related above, this is the chain of title relied on by U.S. Fire.

Everett began searching for the car and discovered that it had been conveyed several times after leaving the hands of G.M. Wholesale. He traced it to Wichita Falls and spotted it by chance at a transmission shop in that city. He appropriated the car on September 18, 1979, U.S. Fire paid its insured for the loss, and this suit ensued.

Everett asserts that the trial court erred in concluding that Tex.Bus. & Comm.Code Ann. § 2.403 controls the disposition of this case instead of the Texas Certificate of Title Act, Tex.Rev.Civ.Stat.Ann. art. 6687–1 and that his entrustment of the car to G.M. Wholesale did not give G.M. Wholesale the power to transfer all right in the car pursuant to Tex.Bus. & Comm.Code Ann. § 2.403.

■■■ Section 36 of the Title Act provides that subsequent purchasers of a motor vehicle transferred by a certified copy of the Certificate of Title acquire only such rights, title, or interest as the holder of the certified copy. As G.M. Wholesale had no right, title, or interest in the automobile, subsequent purchasers could not acquire any right, title, or interest from G.M. Wholesale.

In response, U.S. Fire relies on Tex.Bus. & Comm.Code Ann. § 2.403 (Vernon 1968) which provides that any entrustment of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business. U.S. Fire argues that this provision prevails over the Certificate of Title Act because section 65 of the Act expressly provides that in case of conflict the provision of the Code controls.

■■■ This argument was made in the case of *Pfluger v. Colquitt,* 620 S.W.2d 739 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). The court rejected it in that case and we reject it in this one. As the court said,

We do not agree that section 2.403(b) of the Code conflicts with the Certificate of Title Act. It is the duty of the courts to interpret statutory language so as to harmonize apparently conflicting provision and give effect to each in the light of its purpose, if such an interpretation is reasonable. *State v. Standard Oil Co.,* 130 Tex. 313, 107 S.W.2d 550, 559 (1937); *County of Harris v. Tennessee Products Pipe Line Co.,* 332 S.W.2d 777, 781 (Tex. Civ.App.—Houston 1960, no writ); *Dallas Railway & Terminal Co. v. Strickland Transportation Co.,* 225 S.W.2d 901, 905 (Tex.Civ.App.—Amarillo 1949, no writ). We conclude that the two statutes here in question may reasonably be construed so as to give effect to both.

*Pfluger, supra,* p. 741.

The court went on to hold that the merchant's power to transfer all the rights of the entruster was intended to give the merchant all the powers of transfer which the owner himself could exercise. In the case of a motor vehicle, the owner's power of transfer is limited by the Certificate of Title Act, specifically section 33, which requires a proper transfer of the Certificate in the manner prescribed by the Act for the *owner* to transfer title. Thus a purchaser from the merchant to whom the vehicle is entrusted without a proper transfer of the Certificate gets no better title than if he had purchased from the owner without a proper transfer of the Certificate.

■■■ There is nothing in this record to show that C.W. Nelson Used Cars, and through successors in interest U.S. Fire, ever got a proper transfer of the Certificate from the owner of the Corvette, Jess Everett. They acquired the interest of G.M. Wholesale by their purchase but G.M. Wholesale had no interest. This is because, as the records reflect, G.M. Wholesale ac-

quired its interest by certified copy on October 24, 1978 from Isaac Fonteno, *twelve days* after the original Certificate of Title reflects the transfer from Isaac Fonteno to Mockingbird AMC/Jeep, Inc. Under the facts in the record, Isaac Fonteno had no interest in the automobile to convey by certified copy.

We reverse and render judgment that Jess Everett is entitled to possession of the 1977 Chevrolet Corvette, identification no. 1Z37X7S447602 and the State Department of Highways and Public Transportation through its agent the Tarrant County Tax Assessor should recognize his title. All costs of this appeal are assessed against appellee, United States Fire Insurance Company.