Allen Wayne HICKS, Appellant,

v.

FIRST NATIONAL BANK IN DALHART, Appellee.

No. 07–88–0215–CV.

Court of Appeals of Texas, Amarillo.

July 6, 1989.

Rehearing Denied Oct. 11, 1989.

Second Motion for Rehearing Denied Nov. 9, 1989.

Richard C. Naylor, Nickum and Naylor, Amarillo, for appellant.

William A. Cunningham, Davis, Cunningham & Enns, Dalhart, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

This appeal arises out of two underlying cases, Nos. 2882 and 3239, consolidated in the trial court as No. 2882. The first case, original No. 2882, was filed on April 10, 1981, by appellee First National Bank in Dalhart (the "bank") against appellant Allen Wayne Hicks ("Hicks") to recover the balance due on a promissory note. A default judgment was signed more than five years later on May 2, 1986. A writ of execution was issued more than 21 months later on February 17, 1988, and returned nulla bona.

The second case, original No. 3239, was a garnishment action filed on February 12, 1988, by the bank against garnishee Dalhart Federal Savings and Loan Association to recover funds belonging to Hicks in possession of the garnishee. Hicks filed a pleading styled "Motion to Vacate Judgment and Dismiss Action" in No. 2882, and a motion to dissolve the writ of garnishment in No. 3239. Both motions were overruled, the cases consolidated, and a judgment rendered against the garnishee for funds belonging to Hicks.

Hicks raises two points of error on appeal. By his first point of error, he contends that the trial court erred in failing to vacate the default judgment and dismiss original No. 2882 for want of prosecution, because the lawsuit had been abandoned as a matter of law prior to entry of the default judgment. By his second point of error, Hicks contends that the trial court erred in failing to dissolve the writ of garnishment because the default judgment had become dormant under Tex.Civ.Prac. & Rem.Code Ann. § 31.006 (Vernon 1986) and

would not support issuance of the writ of garnishment. We disagree with these contentions, and for the reasons below will affirm the judgment of the trial court.

■ By his first point of error, Hicks seeks appellate review of the validity of the default judgment. Although the issue has not been addressed by either party, we conclude that Hicks' "Motion to Vacate Judgment and Dismiss Action" constituted an impermissible direct attack on the default judgment. The motion was filed on March 4, 1988, long after the deadlines had passed for filing a motion for new trial or suing out a writ of error. See Tex.R.Civ.P. 329b(a); Tex.R.App.P. 45(d). When the time for filing a motion for new trial has expired, and relief may not be obtained by appeal, a bill of review is the exclusive method for vacating a default judgment rendered in a case in which the court had juridictional power to render the judgment. Tex.R.Civ.P. 329b(f); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). Jurisdictional power means jurisdiction over the subject matter, i.e., the power to hear and determine cases of the general class to which the particular case belongs. *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985); *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974).

The default judgment in this case was rendered in a suit on a promissory note, a matter within the district court's subject matter jurisdiction. See Tex. Const. art. V, § 8. Under these facts, a bill of review was the sole method available to attempt to vacate the default judgment. *See also El Paso Pipe and Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex.1981); *De La Rosa v. Vasquez*, 748 S.W.2d 23, 25 (Tex.App.—Amarillo 1988, no writ).

The "Motion to Vacate Judgment and Dismiss Action" does not contain the requisites of a bill of review. Therefore, we may not treat the motion as such. *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705, 706 (1944); *LaBarba v. Eubanks*, 227 S.W.2d 884, 885 (Tex.Civ.App.—Waco 1950, no writ). Because Hicks did not pro-

ceed by bill of review, his point of error presents nothing for review. *Hildyard v. Fannel Studio, Inc.*, 547 S.W.2d 332, 338 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Hicks' first point of error is overruled.

By his second point of error, Hicks contends that the trial court erred in failing to dissolve the writ of garnishment because the default judgment had become dormant under Tex.Civ.Prac. & Rem.Code Ann. § 31.006 (Vernon 1986) and would not support issuance of the writ of garnishment. Resolving this point of error requires us to construe Tex.Civ.Prac. & Rem.Code Ann. § 34.001 (Vernon 1986) together with section 31.006.

Section 31.006 is a revision and codification of former Tex.Rev.Civ.Stat.Ann. art. 5532 (repealed 1985). Section 31.006 provides as follows:

> If execution has not issued within 12 months after the date of the rendition of a judgment in a court of record, the judgment may be revived by scire facias or by an action of debt brought not later than 10 years after the date of the rendition of the judgment.

Section 34.001 is a revision and codification of former Tex.Rev.Civ.Stat.Ann. art. 3773 (repealed 1985). Section 34.001 provides as follows:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

An apparent conflict exists between the two statutes concerning when a judgment becomes dormant. Section 31.006 states, "If execution has not issued within 12 months ... the judgment may be revived ...," implying that a judgment becomes dormant after 12 months if no execution has issued, while Section 34.001 states, "If a writ of execution is not issued within 10 years ... the judgment is dormant...."

The same conflict existed between the predecessor statutes, arts. 5532 and 3773. The conflict was resolved in *Cox v. Nelson*, 223 S.W.2d 84 (Tex.Civ.App.—Texarkana 1949, writ ref'd). The court traced the history of the statutes, concluding that art. 3773 was controlling and that a judgment remained valid for 10 years after rendition. By its outright refusal of the application for writ of error, the Supreme Court endorsed the principles of law declared in *Cox v. Nelson*. *See* Tex.R.App.P. 133(a).

The case of *Allied Finance Co. v. Kelly*, 317 S.W.2d 790 (Tex.Civ.App.—Waco 1958, writ dism'd w.o.j.) relied upon *Cox v. Nelson* to uphold issuance of a writ of garnishment. In *Kelly*, more than 12 months, but less than 10 years, had passed after rendition of the judgment without issuance of a writ of execution. The defendant argued that the judgment had become dormant under art. 5532 and would not support issuance of a writ of garnishment. The court cited *Cox v. Nelson* and held that the judgment had not become dormant by virtue of art. 3773. 317 S.W.2d at 793–94.

As noted earlier, sections 31.006 and 34.001 are revisions and codifications of arts. 5532 and 3773. Under the statutory revision program prescribed by the Legislature, the Texas Legislative Council may not alter the sense, meaning, or effect of a statute. Tex. Gov't Code Ann. § 323.007(b) (Vernon 1988). The revision and codification of arts. 5532 and 3773 did not alter the meaning or legal effect of the statutes, and decisions construing arts. 5532 and 3773 remain viable precedent for construction of sections 31.006 and 34.001.

■ We conclude that section 34.001 is controlling over section 31.006. The default judgment remains valid for 10 years after rendition. Issuance of the writ of garnishment was therefore supported by a valid and subsisting judgment and the trial court properly refused to dissolve the writ. Hicks' second point of error is overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Hicks has filed a motion for rehearing. By his first point of error, he contends that we erred in holding that he failed to preserve error concerning his theory of abandonment. By his second, third, and fourth points of error, he contends that we erred in holding that Tex.Civ.Prac. & Rem.Code Ann. § 34.001 (Vernon 1986) is controlling over Tex.Civ.Prac. & Rem.Code Ann. § 31.006 in determining when a judgment becomes dormant. We will overrule the motion for rehearing.

Advancing his first point of error, Hicks notes that *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985) provides an exception to the requirement of a bill of review under Tex.R.Civ.P. 329b(f) for cases in which the court rendering the judgment had no jurisdictional power to do so. Hicks reasons that, under his "doctrine of abandonment," the trial court was deprived of jurisdictional power to render the default judgment. Therefore, his "Motion to Vacate Judgment and Dismiss Action" was an appropriate procedural vehicle to attack the default judgment. We conclude that the doctrine of abandonment no longer obtains in Texas, and that the trial court could not lose jurisdictional power as a result of the bank's inaction.

Hicks cites an old line of cases for the proposition that a trial court automatically loses jurisdiction over the subject matter of a case when the plaintiff fails to prosecute the case with diligence.[1] The loss of subject matter jurisdiction, Hicks contends, would be sufficient to deprive the trial court of jurisdictional power as that term has been defined by *Murff* and *Deen v. Kirk,* 508 S.W.2d 70, 72 (Tex.1974).

The cases relied upon by Hicks applied the common-law doctrine of discontinuance, which automatically terminated lawsuits for failure to prosecute with diligence. A different rule was applied to suits in equity. If the plaintiff failed to prosecute with diligence, the suit was not automatically terminated, but could be dismissed by court order. Under the blended system of Texas jurisprudence, the equity practice of dismissal by court order is now followed. Tex.R. Civ.P. 165a; *First Dallas Petroleum, Inc. v. Hawkins,* 715 S.W.2d 168, 169 (Tex.App. —Dallas 1986, no writ). *See also Staples v. Callahan,* 138 S.W.2d 206, 210 (Tex.Civ. App.—San Antonio 1940), *affirmed,* 139 Tex. 8, 161 S.W.2d 489, 491 (Tex.Comm'n App.1942, opinion adopted).

Tex.R.Civ.P. 165a is not the exclusive source from which the trial court derives its authority to dismiss a case for want of prosecution. A court has the inherent power to dismiss a case for failure to prosecute with diligence, separate and apart from any statutory or rule authority. *McCormick v. Shannon West Texas Memorial Hospital,* 665 S.W.2d 573, 575 (Tex. App.—Austin 1984, writ ref'd n.r.e.). Due process requires that a party be given notice and an opportunity for hearing before the court exercises its inherent power to dismiss for want of prosecution. *Rotello v. State,* 492 S.W.2d 347, 349 (Tex.Civ.App.— Houston [1st Dist.] ), *writ ref'd n.r.e. per curiam,* 497 S.W.2d 290 (Tex.1973).

The procedure governing dismissal for want of prosecution was set forth in *Callahan v. Staples,* 161 S.W.2d at 491. In an opinion adopted by the Supreme Court, the Commission of Appeals stated:

Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion

1. *Johnson v. Ward,* 21 Tex. 475 (1858); *Flanagan v. Smith,* 21 Tex. 493 (1858); *Punchard v. Delk,* 77 Tex. 104, 13 S.W. 615 (1890); *Beck v. Avondino,* 20 Tex.Civ.App. 330, 50 S.W. 207 (1899, no writ); *Penniman v. Tinsley,* 75 S.W. 367 (Tex. Civ.App.1903, writ dism'd); *Crosby v. Di Palma,* 141 S.W. 321 (Tex.Civ.App.—El Paso 1911, writ ref'd); *Hinkle v. Thompson,* 195 S.W. 311 (Tex. Civ.App.—Beaumont 1917, writ ref'd); *Beau-* *dette v. City of El Paso,* 247 S.W. 895 (Tex.Civ. App.—El Paso 1923, no writ); *Brooks Supply Co. v. Hardee,* 32 S.W.2d 384 (Tex.Civ.App.—Beaumont 1930, writ ref'd); *Trahan v. Roberts,* 48 S.W.2d 503 (Tex.Civ.App.—Beaumont 1932, no writ); *Bogle v. Landa,* 127 Tex. 317, 94 S.W.2d 154 (Tex.Comm'n App.1936, opinion adopted); *Sloan v. Bartlett,* 139 S.W.2d 216 (Tex.Civ.App.— Waco 1940, no writ).

with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit.

This language was subsequently quoted with approval in *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957) and *Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex.1962). In his dissent to *Denton County v. Brammer*, 361 S.W.2d at 201, Chief Justice Calvert stated the following rule:

One who files a judicial proceeding owes a duty to prosecute it with due diligence. When a motion to dismiss a proceeding on the ground of abandonment is filed, the trial court must first determine whether the proceeding has been on file, without action, for an unreasonable length of time. If it has not, the motion should be overruled summarily. If it has, a rebuttable presumption of abandonment arises, and an opportunity should be afforded the party who filed the proceeding to prove, if he can, that he had good reason for his delay in prosecuting the proceeding. If he fails or refuses to offer proof, or if the proof offered fails to show good reason for the delay, the presumption is not rebutted and becomes conclusive, and the motion to dismiss should be granted. If proof is offered and does show good reason for the delay, the presumption is rebutted and the motion should be overruled. Whatever may be the action of the trial court, and at whatever stage it is taken, it is to be taken in the exercise of sound judicial discretion and is erroneous only if it is so arbitrary as to constitute an abuse of discretion.

*Id.* at 202–03. This rule has been cited as a correct statement of the law by several courts of appeals. *See, e.g., Stuart v. Harris County Flood Control District*, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Missouri Pacific Railroad Co. v. Liberty County Water Control and Improvement District No. Six*, 483 S.W.2d 50, 51 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r. e.); *Lowe v. City of Arlington*, 470 S.W.2d 206, 208 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). Whether to dismiss a case for want of prosecution lies within the judicial discretion of the trial court, subject to review only upon a clear showing of abuse. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). There is no automatic termination of a lawsuit, and consequent loss of subject matter jurisdiction, by reason of abandonment.

■ Moreover, we have examined the record and conclude that the trial court's ruling was correct under the rules adopted by both the plurality and the dissent in *Denton County v. Brammer.* Other than the return of citation, the record discloses no activity in the case from April 10, 1981, until April 29, 1986. Following a hearing on Hicks' motion to dismiss, the trial court ruled that the bank had introduced sufficient evidence to rebut the presumption of abandonment. Gene Allen, vice president of the bank, testified concerning the bank's negotiations with Hicks after the suit was filed. A series of letters was sent to Hicks and several meetings took place at which Hicks made partial payments on the note. The upshot of the negotiations was that, so long as Hicks continued to "bring in some money," the bank would not take judgment against him to avoid impairing his line of credit with the Farmers Home Administration ("FmHA"). If FmHA declined to extend additional credit, both Hicks and the bank feared that he would be put out of business and become unable to repay any portion of the note.

The record contains one letter from the bank's lawyer dated March 1, 1985, requesting that the trial court allow the case to remain on the docket. The letter recounted the negotiations discussed above.

On April 4, 1986, the trial court wrote to the bank's lawyer, informing him that the bank would be required to either take judgment or dismiss the case by April 30, 1986. The bank chose to take its judgment.

In its findings of fact and conclusions of law, the trial court found that during the period of inactivity, Hicks and the bank had an on-going relationship, including numerous conversations, correspondence, and payments on the note. Hicks requested on at least one occasion that the bank refrain from taking judgment to avoid impairing his line of credit with FmHA. Under these facts, the trial court concluded that the bank had not abandoned its lawsuit against Hicks.

We find no abuse of discretion by the trial court in refusing to vacate the default judgment and dismiss the case for want of prosecution. At the hearing, the bank offered testimony showing good reason for the delay in prosecuting the suit. That testimony was sufficient to rebut the presumption of abandonment. We expressly decline to follow the cases cited by Hicks to the extent that they are inconsistent with the law announced by the Supreme Court in *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 (Tex.Comm'n App.1942, opinion adopted); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); and *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962). The trial court retained subject matter jurisdiction over the instant case at all times, and could not be deprived of jurisdictional power. Therefore, the sole method by which Hicks could have attempted to vacate the default judgment was by bill of review. Hicks' first point of error on rehearing is overruled.

By his second, third, and fourth points of error, Hicks contends that we erred in holding that Tex.Civ.Prac. & Rem.Code Ann. § 34.001 (Vernon 1986) is controlling over Tex.Civ.Prac. & Rem.Code Ann. § 31.006 in determining when a judgment becomes dormant. He argues that since the Legislature revised, re-enacted, and codified former Tex.Rev.Civ.Stat.Ann. art. 5532 (repealed 1985) as section 31.006 of the Civil Practice and Remedies Code, the reasoning of *Cox v. Nelson*, 223 S.W.2d 84 (Tex.Civ.

App.—Texarkana 1949, writ ref'd) is no longer valid. This argument calls into question the established rule that when a statute is re-enacted without material change, it is presumed that the Legislature knew and adopted the interpretation placed on the original statute, and intended the new statute to receive the same construction. *Coastal Industrial Water Authority v. Trinity Portland Cement*, 563 S.W.2d 916, 918 (Tex.1978).

In 1933, former Tex.Rev.Civ.Stat.Ann. art. 3773 (repealed 1985) was amended to provide that a judgment did not become dormant unless execution failed to issue within 10 years after the judgment was rendered. Act of May 18, 1933, ch. 144, 1933 Tex.Gen.Laws 369, 370. The provisions of art. 5532, implying that a judgment became dormant after 12 months if execution failed to issue, were left untouched. *Cox v. Nelson* held that the 1933 amendment of art. 3773 repealed by implication the 12–month provision of art. 5532. 223 S.W.2d at 86.

Hicks argues that it is nonsensical to presume that the Legislature re-enacted a statute so that the statute could be construed as repealed by implication. One of the purposes of the statutory revision program is to eliminate repealed, duplicative, unconstitutional, expired, executed, and other ineffective provisions. Tex.Civ.Prac. & Rem.Code Ann. § 1.001(b)(3) (Vernon 1986). Since the Legislature chose to re-enact a provision that had been declared repealed by implication, the Legislature must have intended for that provision to have some effect. To hold otherwise would violate the rule of statutory construction that the Legislature is never presumed to perform a useless act. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex.1981). Hicks concludes that the theory of repeal by implication has been nullified by subsequent legislative action. Hence, *Cox v. Nelson* is no longer controlling authority for interpreting the interplay of sections 34.001 and 31.006. Hicks' argument is well taken. We conclude, however, that our prior opinion reached the correct result.

The question may be resolved by considering the respective purposes of the statutes. *See* Comment, Perpetuating the Force of Judgments and Judgment Liens in Texas, 29 Tex.L.Rev. 530 (1951). The purpose of section 34.001 is to declare when a judgment becomes dormant. *Williams v. Short*, 730 S.W.2d 98, 99 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The purpose of section 31.006 is to set a limitation period after which a dormant judgment is barred from enforcement. Section 34.001 provides that a judgment becomes dormant if execution has not issued within 10 years after rendition. Section 31.006 precludes revival of a judgment if execution has not issued within 10 years after rendition.[2]

Although section 31.006 implies that a judgment becomes dormant after 12 months, the primary purpose of the statute is to set a limitation period. The implication of section 31.006 is inconsistent with the express provision of section 34.001. Because the purpose of section 34.001 is to determine when a judgment becomes dormant, its provisions must control over the inconsistent implication of section 31.006. This construction is consistent with our duty to harmonize apparently conflicting statutes and give effect to each according to its purpose. *See Everett v. United States Fire Insurance Co.*, 653 S.W.2d 948, 950 (Tex.App.—Fort Worth 1983, no writ), and cases cited therein.

For these reasons, we conclude that the result reached in our prior opinion was correct. The default judgment remains valid for 10 years after rendition. The writ of garnishment was therefore supported by a valid judgment. Hicks' second, third, and fourth points of error on rehearing are overruled.

The motion for rehearing is overruled.

REYNOLDS, Chief Justice, concurring and dissenting.

I concur in the overruling of Hicks' motion for rehearing; but I do not agree, as

the majority holds in addressing Hicks' rehearing points of error two through four, that *Cox v. Nelson*, 223 S.W.2d 84 (Tex.Civ. App.—Texarkana 1949, writ ref'd), is no longer controlling authority for interpreting the interplay between sections 34.001 and 31.006 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986). I remain convinced, as we agreed in our original opinion, that the *Cox* court's resolution of the conflict between former articles 3773 and 5532 of the Texas Revised Civil Statutes Annotated (repealed 1985), subsists as the resolution of the same conflict carried forward in the revised versions of the articles as sections 34.001 and 31.006, respectively.

Some thirty-six years elapsed from the time the *Cox* court announced, essentially as a matter of statutory construction, the resolution of the conflict between articles 3773 and 5532 until the Legislature ordered in 1985 the revision of statutory law, which replaced articles 3773 and 5532 with sections 34.001 and 31.006, respectively. During those thirty-six years before the 1985 revision, some eighteen regular legislative sessions were held without legislative disapproval of the construction accorded the articles. Thus, we are entitled to assume that the Legislature approved that construction. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975).

The 1985 codification of articles 3773 and 5532 as sections 34.001 and 31.006, respectively, did not operate to change the substantive law settled by *Cox*. The codification was a revision by the Legislature in contemplation of the "revision of the state's general and permanent statute law without substantive change." Tex.Civ. Prac. & Rem.Code Ann. § 1.001(a) (Vernon 1986). Indeed, the Legislature specifically expressed the intent of its revision "as a recodification only, and no substantive change in the law is intended by this Act." Act of April 16, 1985, ch. 959, § 10, 1985 Tex.Gen.Laws 3242, 3322. And, to enforce its intent, the Legislature pointedly provid-

---

2. In practical effect, a judgment is either alive or barred. Under the present wording of the statutes, a dormant judgment cannot be revived

because the judgment becomes barred at the same time it becomes dormant.

ed, in enacting the Code Construction Act, that the repeal and reenactment of a statute in the continuing statutory revision program does not affect "the prior operation of the statute or any prior action taken under it." Tex.Gov't Code Ann. § 311.031(a)(1) (Vernon 1988). *See, also, Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654–55 (Tex.1989).

Accordingly, I would hold, as we originally did, that *Cox* is still authority for holding that section 34.001, not section 31.006, controls the time a judgment becomes dormant.