In the Matter of the MARRIAGE OF
David Erskine WYLY and Jewel
Lorene (Wyly) Haddock.

No. 07–96–0179–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 18, 1996.

Rehearing Overruled Dec. 17, 1996.

Joe Jernigan, Amarillo, for appellant.

Barnard Woodburn & Seals, L.L.P., Douglas R. Woodburn, Amarillo, for appellee.

Before DODSON and QUINN and
REAVIS, JJ.

REAVIS, Justice.

Jewel Lorene (Wyly) Haddock, appellant (Haddock), perfected this appeal from the summary judgment rendered upon the mo-

tion of David Erskine Wyly, appellee (Wyly), seeking enforcement and clarification of the decree of divorce and suit for damages. Haddock contends by five points of error that the trial court erred by granting Wyly's motion for summary judgment and in denying her motion for summary judgment. We conclude that the trial court properly granted Wyly's motion for summary judgment and affirm.

The summary judgment evidence shows that on February 16, 1988, the trial court signed a decree of divorce. Among other provisions not at issue herein, the decree of divorce ordered a sale of the real estate commonly known as 1516 N. Mirror, Amarillo, Potter County, Texas, and that upon the sale of the property, the net sale proceeds be distributed to Haddock and Wyly, in equal portions. The decree of divorce also provided that if Haddock and Wyly could not agree as to a sale price, that a receiver would be appointed upon application of either party for the sale of the property.[1]

The summary judgment evidence shows the following history: After February 16, 1988, (1) the real estate was listed for sale with a broker, but efforts to sell the property were unsuccessful; (2) on September 26, 1988, Wyly executed and delivered a special warranty deed to Haddock covering the real estate so that Haddock could encumber the property to secure a loan to pay Wyly $16,000; (3) Haddock was unable to secure the loan and did not pay Wyly the $16,000; (4) after Wyly filed his motion for appointment of receiver in January 1989, Haddock, by deposition, acknowledged that she did not oppose a sale of the property, and that if a sale could be negotiated, Wyly would have been entitled to one-half of the net sale proceeds; and (5) after attorneys for the parties discussed the matter, Haddock and/or Wyly continued to list the property for sale, but attempts to sell the property were unsuccessful.

Although the filing does not appear in the record before us, Haddock states in her brief, and no controversion is made by Wyly,

that in January 1989, Wyly filed his motion for appointment of receiver and for the sale of the property. We accept this statement as true. Tex.R.App.P. 74(f).

On January 4, 1995, Wyly filed a new motion for enforcement and clarification of decree of divorce and suit for damages seeking, among other relief, the appointment of a receiver for the sale of the property. In response, Haddock filed special exceptions, various affirmative defenses, and an admission that Wyly was entitled to the relief sought, subject to her affirmative defenses. When discovery was completed, both parties filed motions for summary judgment.

The trial court rendered summary judgment in favor of Wyly, and again ordered that the property be sold and the proceeds divided equally between the parties. Contending the trial court erred in rendering judgment on Wyly's motion and in denying her motion for summary judgment, she has perfected her appeal from the judgment.

As explicated by our Supreme Court, the standards for our review of the summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). And, when both parties move for summary judgment and the trial court grants one of the motions and denies the other, we consider all issues presented and may reverse the judgment of the trial court and render such judgment as the trial court should have rendered, which could include rendering judgment for the other movant. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

---

1. The decree of divorce also contained common provisions that either party would be entitled to such writs, executions and process necessary to enforce the decree, and that without affecting the finality of the decree, the court retained jurisdiction to clarify and enforce the decree.

For Wyly to obtain a summary judgment, he must have conclusively proven entitlement to prevail on each element of his cause of action as a matter of law. *Thompson v. Chrysler First Business Credit Corp.*, 840 S.W.2d 25, 28 (Tex.App.—Dallas 1992, no writ). In order for Haddock to be entitled to summary judgment, she must disprove as a matter of law at least one of the essential elements of each of Wyly's causes of action, *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991), or have established one or more of her affirmative defenses as a matter of law. *Bryant v. Gulf Oil Corp.*, 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.).

By point of error one, Haddock asserts that summary judgment for Wyly was improper because he did not maintain his burden to establish the absence of genuine issues of fact. Although Haddock asserted several grounds in opposition to Wyly's motion for summary judgment, in the trial court, the only grounds asserted in this Court are her assertions of the bar under either the two-year statute, section 3.70(c), Texas Family Code Annotated (Vernon 1993), or the general four-year statute of limitations, section 16.004, Texas Civil Practice & Remedies Code Annotated (Vernon 1986).

■ It is undisputed that Wyly filed his motion for the appointment of a receiver in January 1989, and the record does not show any disposition of that motion, thus, the relief sought by Wyly was timely filed, and it is not necessary for this Court to determine if Wyly's action was barred under section 3.70(c) Texas Family Code or section 16.004, Tex.Civ.Prac. & Rem.Code Ann. (Vernon 1986), the general four-year statute of limitations. Even so, we have determined that neither statute is applicable to the present action.

■ Section 3.70, *supra*, does not contemplate the situation presented here. The limitations provision reads, "A motion to enforce the division of *tangible personal* property in existence at the time of the decree must be filed within a period of two years after the decree was signed or becomes final after appeal, whichever is the later, or the suit is barred." Tex.Fam.Code Ann. § 3.70(c) (emphasis added). The property at issue in the present instance is real property, thus, Haddock could not rely upon section 3.70, *supra*, to bar Wyly's motion to enforce the judgment.

■ Likewise, section 16.004, *supra*, is inapplicable. This is so, because chapter 31 of the Texas Civil Practice & Remedies Code Annotated (Vernon 1986), applies to judgments rather than the general statutes of limitations. *Beaumont Irrigating Co. v. De Laune*, 173 S.W. 514, 517 (Tex.Civ.App.—Galveston 1915, no writ). Even so, in making her contention for application of the general four-year limitations period, Haddock necessarily overlooks the January 1989 filing of Wyly's motion for enforcement. That motion was not abandoned or discontinued, but remained in force to toll the limitations period. *Hicks v. First Nat. Bank in Dalhart*, 778 S.W.2d 98, 101–02 (Tex.App.—Amarillo 1989, writ denied). Haddock's first point of error is overruled.

■ By points of error two, three, four, and five, Haddock asserts that the trial court erred in failing to grant her motion for summary judgment. Ordinarily, an order denying a summary judgment is not subject to appeal; however, where both parties have moved for summary judgment and one motion is granted and the other is denied, we may consider the denial of a summary judgment if Haddock complains of the granting of one motion and the denial of her motion. *Nowlin v. Frost Nat. Bank*, 908 S.W.2d 283 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ By point of error two, Haddock asserts that Wyly was bound by the special warranty deed. Because the rights of a third party are not presented, we will consider the point as between Haddock and Wyly. Wyly's Motion for Enforcement and Clarification of Decree of Divorce and suit for damages placed the special warranty deed in issue. The summary judgment evidence shows without dispute that although Haddock reimbursed Wyly for the cost of the deed preparation ($25.00), Haddock did not

pay or provide any consideration for the special warranty deed. Since no consideration was given, the court can look behind the deed to determine the grantor's intent. *Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471 (1945); and *Savell v. Savell*, 837 S.W.2d 836 (Tex.App.—Houston [14th Dist.] 1992, writ denied). *See also Golson v. Capehart*, 473 S.W.2d 627 (Tex.App.—Eastland 1971, writ ref'd n.r.e.) (holding generally that payment of $1.00 as sole consideration for valuable property is not merely inadequacy of consideration, but constitutes that degree of inadequacy that is so extreme and gross as to constitute fraud and justify the nullification of a sale). By her deposition, Haddock acknowledged that had the property been sold, that Wyly would have been entitled to one-half of the net sale proceeds notwithstanding the deed. Accordingly, point of error two is overruled.

By point of error three, Haddock asserts that the six-year delay by Wyly in prosecuting his motion for post-judgment relief constituted a waiver of his rights in the property. As previously noted however, in January 1989, Wyly sought the appointment of a receiver and enforcement of the decree of divorce. The summary judgment evidence, however, shows that after the January 1989 motion was filed, the parties, with the concurrence of their attorneys, set about to accomplish a sale of the property by private sale as opposed to a court ordered sale by a receiver. Thereafter, the property was listed for sale with numerous realtors but efforts to secure a private sale were unsuccessful.

The defense of waiver must have been shown by the summary judgment proof, the establishment of, or questions of fact whether, the party possessing the right is aware of the right, and expressly relinquishes it or acts in a manner inconsistent with, or fails to act in a manner consistent with an intent to claim the right. *Alford Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213–14 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). After aligning the foregoing elements with the evidence presented by both motions for summary judgment, we have concluded Wyly timely filed his January 1989 motion, both Wyly and Haddock continued to list the property for sale, and there was no question raised concerning Wyly's intention to relinquish his right to sell, enforce the sale of, or to receive his portion of the proceeds. *See Hicks v. First Nat. Bank in Dalhart*, 778 S.W.2d at 101–02. Point of error three is overruled.

By point of error five,[2] Haddock contends that if Wyly's claim was an action for recovery of a debt, that it was barred by section 16.004(a)(3) of the Texas Civil Practice & Remedies Code Annotated (Vernon 1986). The judgment of the trial court does not award Wyly any recovery for debt, thus, this issue is not before us. Point of error five is overruled.

Accordingly, the trial court's summary judgment is affirmed.

2. We have not overlooked appellant's point of error four which raises the statute of limitations as it applies to claims of fraud. Wyly abandoned his claims of fraud in the trial court, thus no grounds of fraud are presented herein, and we need not address the point of error.