# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 99-50655
Summary Calendar

BANK ONE TEXAS N.A.,
Plaintiff, Counter Defendant-Appellee,

v.

ARCADIA FINANCIAL LTD.,
Defendant, Counter Plaintiff-Appellant.

Appeal from the United States District Court
For the Western District of Texas, Austin Division

July 27, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Defendant, Arcadia Financial ("Arcadia"), appeals the district court's denial of its motion for summary judgment. Arcadia also appeals the district court's grant of summary judgment in favor of plaintiff, Bank One Texas ("Bank One"). Because we find that Bank One had a perfected security interest at all times pertinent in this case, we affirm.

## FACTUAL HISTORY AND PROCEEDINGS BELOW

Bank One, a Texas corporation, sued Arcadia, a Minnesota corporation, seeking a declaratory judgment that it has a security interest with respect to certain inventory owned by Lone Star Used Cars ("Lone Star"). Arcadia filed a third-party complaint against Lone Star, a Texas limited partnership, and Francis Bradshaw, an individual who is the principal of Lone Star

and a citizen of Texas.

Bank One alleged that it perfected a security interest under Texas law in Lone Star's inventory of automobiles for sale, and pursuant to this security interest, Bank One retained physical possession of the certificates of title to the automobiles in Lone Star's showroom. In July of 1998, nine purported buyers in the ordinary course of business purchased automobiles from Lone Star's inventory. Each of these purchases was financed by Arcadia. Bank One refused to relinquish possession of the certificates of title, arguing that its perfected security interest and physical possession of the certificates of title protected its interest with regard to Lone Star, Arcadia and the purported nine buyers. It is Bank One's position that its security interest in the automobiles continued in full force and effect notwithstanding the purported sales of the same. Arcadia filed a counterclaim against Bank One seeking declaratory relief and money damages for conversion and tortious interference.[1]

---

[1] Arcadia also filed a third party complaint against Lone Star for breach of contract and against Francis Bradshaw for breach of a guaranty agreement. The district court severed this action from the case on appeal. The parties to the third-party action eventually filed an agreed summary judgment disposing of the case and granting Arcadia damages and attorney's fees. Advancing a theory of election of remedies and judicial estoppel, Bank One argues that this judgment is an additional reason we can affirm the district court. Because we affirm the district court's ruling based on the merits, we do not speak to the soundness (or lack thereof) of Bank One's argument. Furthermore, we deny as moot Bank One's motion that we take judicial notice of the district court's entry of the agreed summary judgment between Arcadia and Lone Star.

Arcadia and Bank One filed cross motions for summary judgment. The district court granted Bank One's motion and held that Bank One's security interest was perfected and had priority over that of Arcadia. The district court denied Arcadia's motion for summary judgment, holding that Arcadia's claims for conversion and tortious interference failed as a matter of law. Arcadia appeals both of these rulings.

**STANDARD OF REVIEW**

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *See* FED. R. CIV. P. 56. The moving party is entitled to judgment as a matter of law when the record indicates no genuine issue as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Liberty Mut. Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 331 (5th Cir. 1999).

We review a district court's decision that an absent party is not indispensable for an abuse of discretion. *See Wheat v. Pfizer, Inc.*, 31 F.3d 340, 344 (5th Cir. 1994).

DISCUSSION

**I.   The Buyers of the Automobiles are not Indispensable Parties.**

The district court did not abuse its discretion in retaining jurisdiction as the buyers of the automobiles were not indispensable parties under FED. R. CIV. P. 19.

**II.  Lone Star's Purported Sale of the Automobiles did not cut off Bank One's Security Interest.**

The record shows that Bank One has a perfected security interest in all present and future inventory of Lone Star to secure a line of credit for inventory or "floor plan" financing. Under Bank One's arrangement with Lone Star, it holds the certificates of title to all automobiles in Lone Star's inventory until Lone Star forwards money to Bank One following a purchase by a consumer. Arcadia was on notice of Bank One's security interest by virtue of Bank One's filing of a UCC-1 form as required to perfect its security interest.

Lone Star purported to sell nine used vehicles to consumers without informing Bank One of the transactions or forwarding the proceeds of the sale to Bank One. The alleged buyers were given physical possession of the vehicles and entered into loan agreements with Arcadia where the buyer makes monthly payments to Arcadia while Arcadia holds title to the automobiles as collateral. Arcadia seeks possession of the certificates of title to the nine automobiles from Bank One so it can record its liens to perfect its security interests. The rub in this case is that Bank One refuses to give up possession of the certificates of title to Arcadia.

Arcadia argues that Bank One must surrender possession of the certificates of title because the consumers were "buyers in the ordinary course of business," whose purchases extinguished

Bank One's security interest.[2]  Bank One argues that, as between Arcadia and Bank One, the consumers were not buyers in the ordinary course of business because a valid sale never took place under the Texas Certificate of Title Act.  *See* TEX. TRANSP. CODE ANN. § 501.071(a) (West 1999) ("A motor vehicle may not be the subject of a subsequent sale unless the owner designated in the certificate of title transfers the certificate of title at the time of sale.").[3]

The district court correctly found that, as between Bank One and Arcadia, the purported sales by Lone Star violated the Certificate of Title Act and were therefore void.  *See, e.g.*, *Gallas v. Car Biz, Inc.*, 914 S.W.2d 592, 594-95 (Tex. App.-- Dallas 1995, writ denied); *Everett v. United States Fire Ins.*

---

[2]  *See* TEX. BUS. & COM. CODE ANN. § 1.201(9) (West 1994) ("'Buyer in the ordinary course of business' means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker.").  "[A] buyer in the ordinary course of business . . . takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."  TEX. BUS. & COM. CODE ANN. § 9.307(a) (West 1994).

[3]  This provision creates no conflict between the Business and Commerce Code and the Certificate of Title Act that would trigger the pre-emption provision in the Certificate of Title Act.  *See* TEX. TRANSP. CODE ANN. § 501.005(a) (West 1999) ("Chapters 1-9, Business & Commerce Code, control over conflicting provisions of this chapter."); *see also Pfluger*, 620 S.W.2d 739, 741 (Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e.) (concluding that the two statutes "may reasonably be construed so as to give effect to both").

*Co.*, 653 S.W.2d 948, 950 (Tex App.--Ft. Worth 1983, no writ);

*Pfluger,* 620 S.W.2d at 741-42. "An owner's purported transfer of an automobile which does not comply with the Texas Certificate of Title Act does not affect a third party's rights." *United States v. 1977 Porsche Carrera*, 946 F.2d 30, 34 (5th Cir. 1991). Therefore, since no legal sales were made to the purported buyers, they could not be considered "buyers in the ordinary course of business" as required to sever Bank One's security interest. We agree with the district court's interpretation of Texas law[4] to wit: A third party's perfected security interest is not interrupted when a purported buyer attempts to purchase an automobile without receiving title as required to complete a sale under the Certificate of Title Act.

### III. Arcadia's Damage Claims Were Properly Dismissed as a Matter of Law.

We also agree with the district court's determination that because no sales were made under Texas law, Arcadia's claims for conversion and tortious interference fail as a matter of law.

### CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[4]  Because the district court properly had diversity jurisdiction, it was obligated to determine how the Texas Supreme Court would apply Texas law on this issue. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

AFFIRMED